POULEY, J.
SUMMARY
This case involves a simple agreement for the purchase of a 1995 Toyota 4Run-ner. On August 21, 2014 the Appellant (Walker) agreed to purchase the vehicle from the Respondents (the Laducers) for $1800, giving them $800 and promising to pay the balance within two weeks.[1] The Laducers signed the vehicle title and gave it to Walker. Walker never filed the title with the Washington State Department of Licensing to complete the transfer. The agreement to pay the remaining $1000 was never reduced to writing and the Laducers failed to complete or file documentation to claim a security interest against the vehicle with any entity, including the State of Washington.
In October, while Walker was driving the truck, he ran out of gas and was stranded at the side of a road. When Colville Tribal Police arrived to assist, Walker was arrested on an outstanding warrant. The vehicle was left roadside. Learning of the vehicle’s location, and having not been paid the balance owing for the truck, without notifying Walker, the Laducers took possession of the truck and had it towed to their home. Upon inspection of the truck the Laducers discovered the truck had sustained damage while in Walker’s possession. Again, without notifying Walker, the Laducers had the truck repaired.
After he was released from jail, Walker went to the Laducers’ residence to retake possession of the truck. The Laducers refused to release it to him. Walker then filed a civil complaint in the Colville Tribal Court seeking the return of the truck, transfer of title, and the cost of repairs and improvements he performed on the vehicle. The Laducers counterclaimed, seeking reimbursement for damages including the cost of repairs, loss of use of the vehicle while in Walker’s possession and direct and incidental costs of litigation.
The matter came before the Court for a bench trial on March 13, 2015. Although *159 neither party pled that the “custom and tradition” of the Colville Confederated Tribes (Tribes) provided dispositive law in this matter, the judge solicited testimony from witnesses regarding their personal knowledge of any practice on the Colville reservation of people purchasing vehicles with an I.O.U. and taking possession of vehicles before transferring full payment. The Court found “It is a common practice—or “usage of trade”—on the Colville reservation for vehicles to be sold without transferring title until payment in full, but allowing possession before payment in full.” The Court therefore ruled in favor of the Laducers, allowing them to retain possession of the truck and awarding them damages for the full cost of repairs, the loss of use of the vehicle during the time Walker was in possession, time loss from work and gas to travel to and from court, and filing fees. Walker was given credit for the $800 he previously paid and the cost of a tailgate he installed on the truck. This appeal followed.
ISSUES
Issue 1: Did the Trial Court violate the parties’ right to due process by interjecting itself into the proceedings and basing its decision on a theory not presented by any of the parties?
Issue 2: Was there sufficient evidence to support the Court’s application of traditional law to resolve the matter before it?
Issue 3: Are there sufficient findings in the record to support the Court’s award of damages?
STANDARD OF REVIEW
This case concerns combined issues of law and fact and are reviewed de novo with the Court giving deference to the Trial Court’s findings of fact, but questions of law are reviewed non-deferentially. CCT v. Naff, 2 CCAR 50, 2 CTCR 08, 22 Ind.Lw.Rptr. 6032 (1995). The question of whether a party to an action was afforded due process is a legal question that will be reviewed de novo. Edwards v. Bercier, 10 CCAR 18, 5 CTCR 23 (2009). In a de novo review the Court of Appeals must examine the entire record to decide if the judge conducted the hearing properly and made the correct legal conclusion. When the question before this Court is whether the Trial Court, in making findings of fact and conclusions of law, has properly applied previously enunciated guidelines for the application of legal principles, the panel reviews the case de novo to determine if the trial judge erred in its application of the law to the facts of the case. CCT v. Marchand, 9 CCAR 65, 5 CTCR 17 (2008).
REVIEW
A key distinction between tribal courts and state courts is often the role of the court in helping parties resolve disputes. Tribal courts must, however, avoid becoming advocates in a case in the desire to problem solve. This Court previously warned that judges must maintain their objectivity at all times, respect the roles of the parties appearing before them and not appear to take sides in disputes. CCT v. Boyd, 10 CCAR 08, 5 CTCR 21, 36 Ind. Lw.Rptr. 6099 (2009). While it is not improper for a judge to question witnesses for clarification of testimony, the court violates a party’s procedural due process by introducing legal theories on its own for the first time at trial. Edwards v. Bercier, 10 CCAR 18, 5 CTCR 23 (2009). Here the Trial Court did just that by sua sponte asking witnesses about a custom of the tribal community of purchasing vehicles with I.O.Us. Since this was not a theory presented in any of the pleadings, there was no way the parties could be prepared to examine the witnesses on this issue or call rebuttal witnesses to challenge the *160 theory. In raising this issue on its own, and conducting all questioning of the witnesses on this theory, the Court violated the parties’ right to due process.
Even if the custom of informal transactions were raised by the parties, there is insufficient evidence in the record for the Court to reach the conclusion that it is a matter of customary law or “usage of trade”. This Court clearly established in Smith v. CCT, 4 CCAR 58, 2 CTCR 67 (1998) the person asserting “custom and tradition” as a legal basis for the Court to grant relief has a burden to produce evidence that supports the claim. Merely soliciting the opinions or personal observations of the parties is insufficient to establish a legal basis for ruling. “To define a custom or tradition in our current Tribal Court system is an important task which should not be taken lightly by the courts or parties.” Id. at 60, 2 CTCR 67. Here the Court, on its own, asked the parties and witnesses, people with no special knowledge or background, if they were familiar with the practice of individuals on the reservation buying and selling vehicles without a formal contract or transfer of title. That is well below the standard to find customary law required by Smith or subsequent cases such as Marchand v. CCT, 8 CCAR 43, 4 CTCR 26 (2006). We find, as a matter of law, that the Court erred in finding this transaction is controlled by the customary law of the Colville Confederated Tribes.
Because the Trial Court created the customary law and the law was created from the inadequate testimony of the lay witnesses before the Trial Court, it is impossible to determine the scope of that law and the remedies that may be appropriate. More specifically there are no facts to support a finding or conclusion that self-help repossession by the sellers is even allowed. It is undisputed that the parties did not complete a title transfer with the Washington Department of Licensing. It is also undisputed that the Laducers did not complete a legal security interest in the vehicle under Washington law. Had the Laducers perfected a security interest, Washington statutory law may have granted them a right to self-help repossession of the vehicle. It is unclear if such a right exists at common law or under any form of Colville tribal law. We hold the Trial Court’s findings and conclusions regarding the custom and tradition of the Tribes for informal transactions offers no legal basis supporting the Laducers’ repossession of the vehicle in the manner in which it was conducted in this case and therefore does not support the remedy awarded by the Trial Court.
CONCLUSION
The judgment and order of the Trial Court is VACATED and the matter is REMANDED for the Trial Court to analyze the evidence previously presented at trial and enter a judgment consistent with this opinion and the laws applicable to the Colville Tribes.
If the Trial Court still concludes that possession of the vehicle should be awarded to the Laducers, the Court must enter specific Findings of Fact and Conclusions of Law that support any additional award of damages. While there is a factual record supporting the cost of repairs to the truck, it is unclear what legal standard the Court used to find Walker entirely responsible for those repairs. Additionally, there is no finding of fact or legal conclusion supporting the Court’s award of extra damages for the Laducers’ loss of use of the vehicle, or for the compensation of their time and gas to appear in court for this matter.

. Walker testified that he paid $1000 with a promise to pay another $800. He also testified that he paid $800 to Mrs. Laducer later the same day. The Trial Court, as finder of fact, did not find Walker’s testimony credible. Findings of Fact are reviewed under the abuse of discretion standard. We will not substitute our judgment on the credibility of the witnesses for the finder of fact without a showing of such abuse.